# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

AHMED MOHAMED HASSAN,

                          Petitioner,

Civil No. 19-1175 (JRT/TNL)

v.

WILLIAM P. BARR, *Attorney General of the United States*, CHAD F. WOLF, *Acting Secretary, United States Department of Homeland Security*, MATTHEW T. ALBENCE, *Acting Director, United States Immigration and Customs Enforcement*, PETER BERG, *Director, St. Paul Field Office, United States Immigration and Customs Enforcement*, and HOLLIEN ERIC, *Kandiyohi Country Sheriff*,

                          Respondents.

**MEMORANDUM OPINION AND ORDER DECLINING TO ADOPT AS MOOT THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Ahmed M. Hassan, Kandiyohi County Jail, 2201 Twenty-Third Street NE, Suite 101, Wilmar, MN 56201, *pro se* Petitioner.

Ana H. Voss, Ann M. Bildtsen, and Gregory G. Brooker, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis MN 55415, for Respondents.

Petitioner Ahmed Mohamed Hassan, a native and citizen of Somalia, was detained by United States Immigration and Customs Enforcement ("ICE") pending removal proceedings after pleading guilty to possession of a controlled substance. (R&R at 2, Nov. 20, 2019, Docket No. 15.) Hassan filed a Petition for a Writ of Habeas Corpus under 28

U.S.C. § 2241 (the "Petition") challenging his ongoing detention. (Pet. for Writ of Habeas Corpus, May 1, 2019, Docket No. 1.)

On November 20, 2019, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Hassan's Petition be granted in part and denied in part and recommended a bond hearing be held to determine whether Hassan's detention is necessary to protect the community and prevent Hassan from fleeing. (R&R at 20.)

On November 22, 2019, the United States filed an Objection to the R&R arguing only that the R&R should be denied as moot because Hassan was released from detention. (Obj. to R& R, Nov. 22, 2019, Docket No. 16.) Although the United States did not file any affidavits along with its Objection, the R&R was returned to the Court as undeliverable to Hassan and was not resent because Hassan was not located on the ICE locator.

## DISCUSSION

**I. MOOTNESS**

Article III of the Constitution requires that every matter before a court be a "case or controversy." U.S. CONST. art. III, § 2. This requirement must exist throughout all stages of the case, not just when the case is filed. *See Burke v. Barnes*, 479 U.S. 361, 363 (1987). A habeas petition challenges the detention of the petitioner. *See Harrington v. Richter*, 562 U.S. 86, 91 (2011). If a prisoner is in custody when they file a petition for a writ of

habeas corpus, their subsequent release "does not automatically moot" the petition, although the prisoner has "arguably received the relief . . . [they] requested." *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005). Even so, when there are a "myriad of uncertainties" surrounding the case, including whether and when the petitioner might be apprehended again and the Court's "inability to provide an effective remedy," the case is nonetheless prudentially moot. *Id.*

Here, the Court finds Hassan's claim is prudentially moot, as it appears Hassan has been released from custody and it is unclear whether Hassan will again be apprehended. *Id.*

Accordingly, the Court will sustain the United States' Objection to the R&R, decline to adopt the R&R as moot, and deny Hassan's petition as moot.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the, **IT IS HEREBY ORDERED** that:

1. The United States' Objection to the R&R [Docket No. 16] is **SUSTAINED**;

2. The Court declines to adopt the R&R [Docket No. 15] because it is **MOOT;**

3. Hassan's Petition for a Writ of Habeas Corpus [Docket No. 1] is **DENIED as MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 25, 2020        _____ /s/ John R. Tunheim _____
at Minneapolis, Minnesota.              JOHN R. TUNHEIM
                                                             Chief Judge
                                          United States District Court